The opinion of the court was delivered by

Mr'. Justice Huger.

As soon as a note is endorsed it is assimilated to a bill of exchange. The endorser becomes the drawer; the maker the acceptor and the endorsee, the payee, and the law relative to bills becomes applicable to it. The note in question then was a bill drawn on Cook, by defendant, and payable to the plaintiff. The law implies a promise on the part of the drawer to pay the bill if the acceptor does not; provided notice of default on the; *272 part of the acceptor be given to the drawer in a reasonable timé by the payee. Notice is an important part of the contract, and is as binding, though implied, as if expressed. If the drawer has funds in the hands of the drawee, it enables him to take steps for their security; and if he has not, he is afforded an opportunity of making arrangements to pay the bill, and it may prevent a different appropriation of his funds. Were it therefore res integra, I should be opposed to the exception, now too well established by authority to be shaken, that a want of funds in the hands of the drawee dispenses with the necessity of notice to the drawer. I am not satisfied to rest this exception on the ground of fraud. Bills may. frequently be drawn' by one who has no funds in the hands of the drawee, without the smallest imputation of fraud. If fraud does exist, it must vitiate this, as it does all contracts, m toto.
It has been contended at the bar, that insolvency comes within the reason of the exception already noticed, and the case of De Berdt, vs. Atkinson, (2 H. Blackstone, 338,) is relied upon as authority. In that case however, Mr. Justice Buller boít°ms his opinion upon the fact that it was an accommodation note, arid that no value had been given by the payee for the note. Xntibjs case, there is no such pretence. The case however of De Beroí and Atkinson has since been impeached and overruled. Mr. Bay’Jqy (-3 Edn. 136,) in his treatise on bills, observes that the court appear to have proceeded on a misapplication of the rule which obtains as to accommodation acceptances: in those cases the drawee, being himself the real debtor, acquires no right of action against the acceptor by paying the bill and suffers no injury from the want of notice. But in the case of De Berdt and Atkinson, the drawer was not the real debtor; he was only security and was therefore entitled to notice. The case of Sisson and Tomlinson (see 15 East. 222) was decided by Lord Ellenborough on the authority of De Berdt and Atkinson; but in Smith Beckett, (13 East. 189,) the court, with Lord Ellenborough, held-that notice was necessary, in a case of known bankruptcy. In the case of Kiddell and Ford, (Treadway, 678,) this question was considered but not decided, *273 The application there was for a new trial, on behalf of the defendant, against whom a verdict had gone, when no notice of default had been given. The plaintiff had contended with success, in the circuit court, that the reputation of insolvency dispensed with notice. The constitutional court decided that it did not, and ordered a new trial. Mr. Justice Brevard, in his opinion, refers to two cases which have not been reported, (Clark, vs. Adm'r. Minton, and Kiddell, vs. Peroneau,) in which he states that it had been held that bankruptcy dispensed with notice. The first was tried before him and decided upon the peculiar circumstances of the case, as he states, all of which are not enumerated. It does appear however that notorious insolvency and absence from the state were proved. These are strong indications of fraud, and unless explained, are sufficient to vitiate the whole contract. I presume therefore, the plaintiff succeeded in that case, on the ground of fraud. The other case, Kiddell and Peroneau, was not tried. before Mr. Justice Brevard, nor was he present when it was argued before the constitutional court; it does not appear that he was then on the bench. The accuracy of his report under such circumstances may very well be doubted. Had the whole case been fully reported, it is not improbable that it would appear to have been decided as the first was, on its peculiar circumstances; a phrase too frequently substituted for fraud. I can, therefore, attach no conseqence to these cases and feel myself at liberty to decide the question untrammelled by authority.
Gadsden, for'the motion.
Axson, contra.
The motion must be dismissed.
Bay, JYott, Gantt, Johnson, and Colcock, Justices, con* curred.